UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CV-56-F

| | |
|---|---|
| PROGRESSIVE NORTHERN INSURANCE COMPANY,  <br><br>Plaintiff,  <br><br>v.  <br><br>SUMMIT MANAGEMENT SERVICES, LLC, BERTHA MCBRYDE MCLAURIN, MARIE FEVRIER aka MASSELIN FEURIER MARIE-CLAUDE, WISKY THEOPHILU, ISRAEL ASTREL, CHENEL FEVRIER aka CHEAREL FEURIER, FENEL SAINTILUS, JEAN LAMOUR, VALESSA NICOLAS, JEAN HYPPOLITE, DANEL CHERY, JEAN PAUL aka JEAN PAUMIL, ELLA JOSEPH, JEROME SAUVEUR DIEU, RANEAU NOEL, DIRACE SAVOIR, JOSEPH LEWIS aka JOSEPH LOIS, CAROLE LEWIS aka CAROLE LOIS, JULES ONY DORTILUS, JERRY CHARLES, LUCIEN THOMPSON, LEOBERT MARIUS, GLADYS LAROSE, JULE LAROSE, JESNEL GILBERT, BERNARD VERNETTE, and MOO PWAI,  <br><br>Defendants. | ORDER |

This matter is before the court on the Plaintiff's Motion for Default Judgment [DE-43] and the supplementary memorandum filed in support of the Motion for Default Judgment [DE-46].

## I. PROCEDURAL HISTORY

Plaintiff Progressive Northern Insurance Company ("Progressive") initiated this

1

declaratory judgment action against Defendants on March 9, 2012. Progressive seeks a declaratory judgment that the automobile insurance policy Progressive issued to Summit Management Services affords no coverage to the Defendants with respect to an automobile accident that occurred on March 8, 2011. The case is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* and Rule 57 of the Federal Rules of Civil Procedure. The record shows that Progressive served Defendants with process pursuant to Rule 4 of the Federal Rules of Civil Procedure between May 10, 2012 and September 19, 2012.[1] *See* Executed Summons [DE-9]; Affidavits of Service [DE-10, -11, -12, -38]. Defendants did not file a responsive pleading to the Complaint, and the Clerk of Court entered an entry of default against Defendants Jerry Charles, Summit Management Services, Inc., and Bertha McBryde McLaurin on August 1, 2012 [DE-31] and against the remaining defendants on January 2, 2013 [DE-42]. Plaintiff entered a Stipulation of Dismissal [DE-40] with prejudice as to Defendant East Coast Labor Solutions, LLC[2] on October 30, 2012. Consequently, any rights East Coast Labor Solutions, LLC may have under the insurance contract at issue are not affected by this declaratory judgment order. Progressive now moves for Default Judgment as to all other Defendants.

## II. FINDINGS OF FACT

Upon default, the well-pleaded facts alleged in the Complaint are deemed admitted. *See*

---

[1] The court allowed an extension of time to complete service of process, as many of the defendants could not be located. Order [DE-37]; Fed. R. Civ. P. 4(m).

[2] East Coast Labor Solutions LLC was included as a party in the original complaint. However, pursuant to the joint stipulation of dismissal, East Coast Labor Solutions is not included in the caption to this Order.

*Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Based upon Progressive's Complaint, the court finds the following facts:

Progressive issued a commercial automobile insurance policy to Defendant Summit Management Services, LLC ("Summit Management") with effective dates of May 9, 2010 to May 13, 2011 and with a combined single limit of $300,000.00. Compl. [DE-1] ¶ 9. Progressive does not include a copy of the policy as an attachment to the Complaint. However, Progressive provides a number of quotations from the policy. The policy provides coverage for bodily injury and/or property damage "for which an insured becomes legally responsible because of an accident." *Id.* ¶ 8. The policy defines the term "insured" as "[a]ny person while using, with your [the policyholder's] permission, an insured auto you own, hire, or borrow . . . ."[3] *Id.* In the "Exclusions" section, the policy provides that "[c]overage under [the policy], including our duty to defend, does not apply to: any obligation for which an insured . . . may be held liable under workers' compensation, unemployment compensation . . . or any similar law." *Id.* The "Exclusions" section further excludes claims arising out of "[b]odily [i]njury to an [e]mployee of any insured arising out of or within the course of that employee's employment by an insured" as well as "[b]odily [i]njury to a fellow employee of an insured while within the course of their employment or while performing duties related to the conduct of [the policyholder's] business." *Id.*

---

[3] Presumably, the policy provides other definitions of the term "insured." However, those definitions are not included in the Complaint.

3

Defendant East Coast Labor Solutions[4] contracted with Summit Management to provide transportation and local supervision of some East Coast employees engaged by a local farming operation. *Id.* ¶ 10. On or about March 8, 2012, Defendant McLaurin, employed by either East Coast or Summit Management to drive an insured automobile transporting the remaining individually-named defendants, failed to stop at an intersection and "rear-ended" another vehicle. *Id.* ¶¶ 10-13. All of the individually-named defendants were employed by either Summit Management or East Coast and McLaurin was transporting them to the job site at the time of the accident. *See id.* ¶¶ 11-12.

### III. DISCUSSION

#### A. Default Judgment

The court finds that it has subject matter jurisdiction over this matter, and that service on Defendants was obtained in accordance with Rule 4 of the Federal Rules of Civil Procedure. Accordingly, this court has personal jurisdiction over the Defendants. The Clerk of Court having filed entry of default on August 1, 2012 as to Defendants Jerry Charles, Summit Management Services, Inc., and Bertha McBryde McLaurin and as to the remaining defendants on January 2, 2013, the court concludes that the procedural requirements for entry of default judgment have been met. *See* Fed. R. Civ. P. 55(b).

#### B. Relief

Although Progressive meets the technical requirements for entry of default judgment, the inquiry does not stop there. It is well settled that upon default, the facts alleged in the

---

[4] As noted, Plaintiff entered a stipulation of dismissal as to East Coast Labor Solutions on October 30, 2012.

Complaint are deemed admitted. *See Ryan*, 253 F.3d at 780. The court, however, determines whether the facts, as alleged, support a claim and the relief sought. *Id*. Initially, the court was concerned that Progressive's Complaint did not state a claim upon which relief could be granted. *See* Order [DE-45]. Progressive's initial Memorandum in Support of Entry of Default Judgment [DE-43-1] failed to address this issue. The court therefore gave Progressive an opportunity to submit a supplementary brief explaining how the facts alleged in the Complaint state a claim for relief. Order [DE-45].

Progressive has submitted the required brief. For the reasons cogently stated in Progressive's supplemental memorandum [DE-46], the court finds that the alleged facts in the Complaint support a claim for the relief sought. The procedural and substantive requirements for entry of default judgment having been satisfied, the court will enter default judgment against the above-named defendants in this matter.

## CONCLUSION

Progressive's Motion for Entry of Default Judgment [DE-43] is ALLOWED. It is hereby ORDERED, ADJUDGED, and DECREED that the Defendants Jerry Charles, Summit Management Services, LLC, Bertha McBryde McLaurin, Marie Fevrier aka Masselin Feurier Marie-Claude, Wisky Theophilu, Israel Astrel, Chenel Fevrier aka Chearel Feurier, Fenel Saintilus, Jean Lamour, Valessa Nicolas, Jean Hyppolite, Danel Chery, Jean Paul aka Jean Paumil, Ella Joseph, Jerome Sauveur Dieu, Raneau Noel, Dirace Savoir, Joseph Lewis aka Joseph Lois, Carole Lewis aka Carole Lois, Jules Ony Dortilus, Lucien Thompson, Leobert Marius, Gladys Larose, Jule Larose, Jesnel Gilbert, Bernard Vernette, and Moo Pwai are in default and a declaratory judgment is hereby entered in favor of Progressive Northern

Insurance Company, and the court hereby declares and rules that the policy of insurance issued by Progressive Northern as Policy No. 04706249-0 to Defendant Summit Management Services, LLC, does not provide liability coverage for any damages sought or recovered by any of the above-named defendants arising out of the March 8, 2011 accident; and it is further declared that Progressive Northern Insurance Company does not owe any duty to defend or indemnify Defendant Bertha McBride McLauren or Summit Management Services, LLC, for any claims or suits brought by any of the remaining individually-named defendants for injuries or damages arising out of the March 8, 2011 accident. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 14' day of June, 2013.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge